UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HUNAN SUNWARD AERO DYNAMIC MECHANISM CO., LTD.,

Petitioner,

v.

Case No. 26-cv-1035-pp

DELTAHAWK ENGINES, INC.,

Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 5), GRANTING PETITION TO CONFIRM, RECOGNIZE AND ENFORCE THE FOREIGN ARBITRATION AWARD (DKT. NO. 1) AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**

---

On June 10, 2026, the petitioner filed a petition to confirm, recognize and enforce a foreign arbitration award against the respondent, a domestic corporation with its principal place of business in Racine, Wisconsin. Dkt. No. 1. The arbitration award was entered on December 15, 2025 in Hong Kong SAR, China; the petitioner seeks judgment under Section 207 of the Federal Arbitration Act, 9 U.S.C. §207. Id. On June 11, 2026, the clerk's office issued a summons, and the petitioner filed a certificate of service on July 31, 2026. Dkt. No. 3. The clerk entered default on August 31, 2026 and on September 15, 2026, the petitioner filed a motion for default judgment. Dkt. No. 5. To date, the respondent has neither appeared nor filed a brief in opposition to the motion for default judgment. The court will grant the petitioner's motion.

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff filed a declaration of service stating that on July 8, 2026 at 10:32 a.m., Scott Caywood personally served Jennifer Johnson at 2300 South Street in Racine, Wisconsin. Dkt. No. 3 at 1. The declaration states that Johnson is a staff accountant authorized to accept service on behalf of the respondent. Id. The State of Wisconsin Department of Financial Institutions reflects that the respondent is in good standing and lists Encoredh, LLC at 2300 South Street in Racine, Wisconsin as the registered agent. See Wisconsin Department of Financial Institutions (DFI), https://apps.dfi.wi.gov/apps/corpSearch/Results.aspx?type=Simple&q=DeltaHawk+Engines. DeltaHawk Engines, Inc. uses the same address for its principal office and for its registered agent. Id. The respondent changed its registered agent as recently as April 29, 2025, so it appears from the DFI website that the July 2026 service at the South Street address is correct. Id. The court finds that service is proper.

## II. Plaintiff's Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in

the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The court is satisfied that it has subject matter jurisdiction over this dispute under 9 U.S.C. §203 and 28 U.S.C. §1331. The court also is satisfied that it has personal jurisdiction over the respondent, which is a Wisconsin corporation with a principal place of business in Racine, Wisconsin.

The case falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 3 (the New York Convention) under 9 U.S.C. §202, because the award arises out of a contractual commercial relationship between the parties, and the relationship

is not entirely between citizens of the United States. The petitioner is organized under the laws of the People's Republic of China, with its principal place of business in Dongjiaduan Hi-Tech Park, Lusong District, Zhuzhou City, Hunan Province. Dkt. No. 1 at ¶3.

On or about May 5, 2015, the parties executed a Supplementary Agreement that amended and superseded the terms of a Convertible Debenture Investment Agreement dated June 28, 2010 and a Consulting Agreement dated February 21, 2011. Id. at ¶¶9, 10. The agreements set the framework under which the respondent agreed to develop an FAA-certified diesel aircraft engine and license the petitioner to manufacture and distribute the engine. Id. at ¶10. The petitioner loaned money to the respondent and agreed to pay consulting fees; the respondent failed to meet certain milestones and the petitioner sought repayment of the loan under the terms of the agreements. Id.

Clause 12 of the Supplementary Agreement contains an arbitration agreement:

> This Agreement shall be governed by and construed in accordance with the laws of Hong Kong. Any dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination thereof or any dispute regarding non-contractual obligations arising out of or relating to it shall be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre (the "HKIAC") under the HKIAC Administered Arbitration Rules in force when the Notice of Arbitration is submitted.

Id. at ¶11.

The parties conducted the arbitration in Hong Kong and the tribunal consisted of a sole arbitrator, Edward J. Epstein, who conducted documentary

and oral hearings between November 15, 2024 and November 27, 2025. Id. at ¶13. The tribunal issued a final award in favor of the petitioner dated December 15, 2025. Id. at ¶15; Dkt. No. 1-5. The tribunal declared the supplementary agreement terminated and ordered the respondent to pay the petitioner outstanding principal of $1,500,000 in U.S. currency, pre-award interest in at 4% per annum from June 1, 2018 through December 15, 2025, post award interest at 8.875% per annum from December 15, 2025 until the actual date of payment and the arbitration fees and costs awarded under paragraphs 7.2 and 7.3 of the Award. Dkt. No. 1-5 at 48-49. HKIAC confirmed that the award was rendered within the applicable period and transmitted to the parties on December 16, 2025. Dkt. No. 1 at ¶6. The verified petition states that the respondent has failed to comply with the award and the award has not been set aside or suspended. Id. at ¶¶17, 21.

The award was made in Hong Kong SAR, China, a signatory to the New York Convention. See New York Convention, Contracting States, htps://www.newyorkconvention.org/countries. That means that the award qualifies for enforcement under Article 1 of the New York Convention. The petitioner complied with the requirement that it bring the action to confirm and enforce the award under 9 U.S.C. §207. Dkt. No. 1 at ¶23. The petitioner also attached an authenticated copy of the arbitral award, as well as the supplementary agreement as required by Article IV of the New York Convention. See https://www.newyorkconvention.org/text.

The petitioner has filed the declaration of Yiying Huan, the Chairman of the petitioner's Board of Directors. Huan avers that the petitioner's costs of the arbitration, awarded under paragraph 7.3 of the Award, total $49,268.72 in U.S. currency and HK$290,332.72 in Hong Kong currency, plus interest at 8.875% per annum on the costs from December 15, 2025 through the date of payment. Dkt. Nos. 1-4 at 7; 1-10; 1-11; 1-12. In addition, Huan states that the petitioner's costs arising from the respondent's unsuccessful late application to challenge the tribunal's jurisdiction—awarded under paragraph 7.2 of the award—total $22,522.84 in U.S. currency and HK$47,600 in Hong Kong currency. Dkt. Nos. 1-4 at 7-8; 1-12.

The well-pleaded allegations of the complaint and other documents demonstrate that the respondent is liable to the petitioner. The documents also enable this court to ascertain the amount claimed. The court will grant the petitioner's motion for default judgment.

## III. Conclusion

The court **GRANTS** the petitioner's motion for default judgment. Dkt. No. 5.

The court **ORDERS** that the Final Award dated December 15, 2025 issued by arbitrator Edward J. Epstein in an arbitration seated in Hong Kong and administered by the HKIAC is **CONFIRMED, RECOGNIZED** and **ENFORCED**.

The court **ORDERS** that the clerk enter judgment in favor of the petitioner as follows: the principal amount of $1,500,000 in U.S. currency; pre-

award interest in U.S. currency assessed at the rate of 4% per annum, from June 1, 2018 until December 15, 2025, totaling $452,383.56; post-award interest in U.S. currency assessed at the rate of 8.875% per annum, from December 15, 2025 until the actual date of payment; costs of the arbitration totaling $49,268.72 in U.S. currency plus HK$290,332.72 in Hong Kong currency, plus interest at 8.875% per annum on the above costs from December 15, 2025 to the actual date of payment; and costs arising from the respondent's unsuccessful late application to challenge the arbitration tribunal's jurisdiction, on an indemnity basis, totaling $22,522.84 in U.S. currency plus HK$47,600 in Hong Kong currency, plus statutory interest.

The court **DIRECTS** the clerk to close the case.

Dated in Milwaukee, Wisconsin this 26th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**